## THORNE *v.* THE CALIFORNIA STAGE COMPANY.

In an action for damages brought by a passenger against a stage company, for injuries to plaintiff, caused by carelessness of the driver in overturning the coach, *Held,* that the fact that the driver was informed before the accident, that a passenger was to be left at plaintiff's destination, and that after the accident, the agent of defendant informed the driver that plaintiff was to stop at the destination designated, was sufficient to establish *prima facie* the allegation in the complaint, of a contract to safely carry, etc.

Evidence of the professional reputation of the physician who was employed by plaintiff to dress his wounds and effect a cure, is inadmissible, but it would be competent to prove that plaintiff's injuries were wholly or partially the result of improper treatment on the part of the physician.

When the evidence of plaintiff charged the accident to the want of proper care or skill of the driver, an instruction that defendants were liable for insufficiency of coaches, horses, or harness, is objectionable as irrelevant, but as it would work no injury to defendants, is not a sufficient cause to disturb a judgment for plaintiff.

APPEAL from the District Court of the Eleventh Judicial District, County of Placer.

Action for damages against the California Stage Company, for injuries received by plaintiff, caused by the overturning of a stage of defendants, by reason of the carelessness and unskillfulness of the driver employed by them. The complaint alleges a contract by the defendants as common carriers, to carry plaintiff with due care from Auburn to the Franklin House, in said county, for the sum of one dollar, paid by defendant. The evidence to the contract is stated in the opinion of the Court. The injury done to plaintiff was proved, and that it resulted from the overturning of the coach while going rapidly down hill. The defendants proposed the following questions to a surgeon called by them as a witness: " Do you know the general reputation of Dr. ————, (the physician who attended the plaintiff,) as a surgeon and physician? Have you individually any knowledge of his reputation as a physician ?" Both these questions were objected to by plaintiff's counsel, and ruled out by the Court.

The instruction given to the jury, and excepted to by defendants' counsel, was this : " The defendants were bound to furnish good coaches and harness, careful drivers and proper horses, and if the injuries shall by the testimony be shown in this case to have resulted from the want of any of these requisites, the jury must find for plaintiff."

The jury found a verdict for plaintiff for $5,000. The defendants moved for a new trial on the ground of errors of law, etc., and of excessive damages. The Court granted the motion, unless the plaintiff agreed to reduce the verdict to $3,000, in which case the motion was overruled. The plaintiff filed his consent, and judgment was entered accordingly.

Defendants appealed.

*J. Neely Johnson* for Appellants.

*Crocker & Robinson* for Respondent.

The opinion of the Court was delivered by Mr. Justice TERRY.    Mr. Chief Justice MURRAY concurred.

This was an action for damages for injuries sustained by the plaintiff in consequence of the overturning of defendants' coach.

The complaint sets out a contract on the part of the defendants, in consideration of certain money paid by him, to convey the plaintiff safely from Illinoistown to the Franklin House, in Placer County, and avers that by reason of the carelessness and improper and unskillful conduct of the driver, the coach was overturned, and plaintiff seriously injured.

The errors assigned are :    1st. The refusal of the Court to non-suit the plaintiff on motion of defendant, because no contract on the part of defendants, or payment of fare by plaintiff, was shown.

It appears that before the accident, the driver was informed that a passenger was to get out at the Franklin House, and that after the accident, the agent of the defendants informed the driver of a coach which had been provided to convey the passengers from the scene of the overturning, that the plaintiff was to stop at the Franklin House. This was a sufficient recognition of the fact, that the plaintiff was a passenger, to establish *prima facie* the allegation of contract.

It is also contended that the Court erred in refusing to permit the counsel to ask a witness whether the agent of the defendants had not two weeks after the accident, desired plaintiff to go to Auburn, and proffered to furnish him with such medical, and other attendance, as he required.    The question in the form proposed, was leading, and was not proper to be asked on the direct examination of defendants' witness.

The evidence of reputation for skill, of the plaintiff's physician, was properly excluded.    It would certainly have been competent for defendants to show in mitigation of damages, that the plaintiff's injuries were wholly or partially the result of improper treatment on the part of his physician, but we know of no authority for admitting, to establish this fact, evidence of the general reputation of the attending surgeon, and as appellant has furnished no such authorities, we presume he could find none.

The instruction given by the Court was improper under the pleadings, but it is difficult to see how defendants were prejudiced by it; as there is no evidence of any insufficiency of coaches, horses or harness. The evidence for plaintiff charged the accident to the want of proper care and skill on the part of the driver.    The instruction was objectionable for want of relevancy, but this of itself is no sufficient cause for disturbing the judgment.

The defendants' motion for a new trial was addressed to the discretion of the Court below, and we have often ruled, that we will not interfere with the exercise of such discretion, where there is any evidence to sustain the judgment.

Judgment affirmed.